**Maria NIEVES–ESPANA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–72244.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 11, 2006.*

Decided Sept. 15, 2006.

Carolyn E. Reinholdt, Esq., San Francisco, CA, for Petitioner.

Maria Nieves–Espana, San Francisco, CA, pro se.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Mary Jane Candaux, Esq., Melissa Neiman–Kelting, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

## MEMORANDUM **

Maria Nieves–Espana, a native and citizen of Mexico, petitions for review for review of the Board of Immigration Appeals' decision dismissing her appeal from an Immigration Judge's ("IJ") denial of her application for asylum and withholding of removal, and request for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition.

Substantial evidence supports the IJ's decision that Nieves–Espana failed to establish past persecution or a well-founded fear of future persecution. *See Prasad v. INS,* 47 F.3d 336, 339–40 (9th Cir.1995) (finding no past persecution or well-founded fear of future persecution where the petitioner was arrested, detained for four to six hours, beaten, and private citizens threw stones at his house and attempted to steal property); *see also Gormley v. Ashcroft,* 364 F.3d 1172, 1178 (9th Cir.2004) (holding that economic disadvantage alone does not rise to the level of persecution).

Because Nieves–Espana failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. *See Fisher v. INS,* 79 F.3d 955, 960–61 (9th Cir.1996) (en banc).

Nieves–Espana also failed to establish a CAT claim because she did not show that it was more likely than not that she would be tortured if she returned to Mexico. *See Kamalthas v. INS,* 251 F.3d 1279, 1284 (9th Cir.2001).

## PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

